**FILED**
**Mar 29, 2023**
**10:48 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Gayle Copeland, Jr.,** | ) | **Docket No. 2022-06-1290** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Genuine Parts Co.,** | ) | **State File No. 44231-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **Safety Nat'l Cas. Corp.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

Gayle Copeland, Jr. seeks additional benefits for an injury that he suffered while working for Genuine Parts Company. According to Genuine Parts, it has provided all of the benefits to which he is entitled under the Workers' Compensation Law. For the reasons below, the Court denies Mr. Copeland the requested benefits at this time.

### Claim History

Mr. Copeland testified that he injured multiple body parts, including his head, knee, right shoulder and neck, from a fall at work on June 4, 2021. Genuine Parts accepted the claim. Mr. Copeland first saw a nurse practitioner, who recorded that he suffered from pain in his shins, eye socket, low back and abdomen, and that he had a previous low back injury. She diagnosed lumbar strain and a leg contusion and placed work restrictions.

Dr. Malcolm Steele saw him for the next few visits, treating him conservatively. Dr. Steele's notes do not mention a neck injury. At the end of the month, he referred Mr. Copeland to an orthopedist for "[l]umbar strain."

Mr. Copeland chose Dr. Narendra Singh from a physician panel and saw him for approximately one year starting in August. Notes from the first visit say that Mr. Copeland complained of low back and neck pain. Dr. Singh ordered x-rays of the lumbar spine, which showed degenerative disc changes at the lower lumbar level. He diagnosed

degenerative lumbar spine disc disease, recommended physical therapy, and maintained the restrictions.

Mr. Copeland returned to Dr. Singh regularly. At each visit, low back and neck pain are listed as his chief complaints. However, Dr. Singh's treatment focused on his low back. At a December visit, Dr. Singh concluded that "greater than 50% of his complaints are related to degenerative disc disease and lumbar facet disease." In early February 2022, Dr. Singh wrote, "I do not believe that his symptoms continue to be from a work related injury."

On February 28, Dr. Singh noted that Mr. Copeland reported "increasing neck symptoms with weakness to his right upper extremity." In the plan, Dr. Singh wrote, "He was again advised his current complaints are no longer related to his work injury. To further evaluate his cervical spine complaints, we will order an MRI cervical spine. He was advised any further treatment would not be indicated from a Workers Comp standpoint."

Dr. Singh completed a Final Medical Report in April. It placed Mr. Copeland at maximum medical improvement on February 28 and read, "He has limitations that are not related to his work injury."

Mr. Copeland last saw Dr. Singh in August 2022, where "neck pain" is again listed among his "chief complaints." In the history, Dr. Singh wrote that Mr. Copeland was seeing a neurosurgeon, Dr. Scott Zuckerman, and "will follow up with him for surgical consideration in relation to his cervical spine." Dr. Singh concluded that Mr. Copeland's "current complaints are not related to his previous workers comp injury."

Mr. Copeland said that he reported his neck injury at the time of the accident. However, his petition for benefit determination does not list the injured body parts, and the dispute certification notice merely states that he injured his "right side."

Mr. Copeland testified that Dr. Singh was doing "nothing for me." As for the unauthorized treatment, Mr. Copeland said that Dr. Singh recommended he see other physicians in his practice.

So, he saw Dr. Scott Zuckerman for his neck but did not submit complete records of his treatment. Mr. Copeland first saw him in May 2022. Dr. Zuckerman diagnosed cervical radiculitis and placed restrictions. At a July visit, the doctor wrote that imaging showed foraminal stenosis from C4 to C7 and radiculopathy at C6, and he recommended a steroid injection. Mr. Copeland testified that he has since undergone surgery, which required extensive rehabilitation, but no medical records were introduced of this later treatment.

Mr. Copeland additionally saw Dr. John Kuhn for his shoulder at about the same time he started seeing Dr. Singh. Dr. Kuhn diagnosed left-shoulder glenohumeral joint arthritis and cervical spine arthritis. He continued to treat Mr. Copeland conservatively, seeing him six more times until May 2022.

Drs. Zuckerman and Kuhn treated Mr. Copeland under his private insurance, but Mr. Copeland did not introduce copay bills for their treatment. Neither doctor gave any statement as to whether alleged injuries to his neck and shoulders related to the work accident in June 2021.[1]

Mr. Copeland has not received temporary disability benefits since April 27, 2022. He would like to return to work but cannot perform his regular job duties with his current restrictions. Mr. Copeland uses a cane to walk. He said that his back still bothers him and he did not have problems before the work accident.

### Findings of Fact and Conclusions of Law

Mr. Copeland, as the employee in a workers' compensation case, has the burden of proving all essential elements of his claim for benefits. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an expedited hearing, he must show that he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

The Workers' Compensation Law requires an employer to furnish medical treatment for work-related injuries. Tenn. Code Ann. § 50-6-204(a)(1)(A). Here, Genuine Parts satisfied that obligation by authorizing treatment with Drs. Steele and Singh. The question is whether it is responsible for any other benefits—medical or temporary disability.

Turning first to medical benefits, Mr. Copeland must show, to a reasonable degree of medical certainty, that the injury "contributed more than fifty percent in causing the disablement or need for medical treatment, considering all causes." A "reasonable degree of medical certainty" means that, in the physician's opinion, it is more likely than not considering all causes as opposed to speculation or possibility. Tenn. Code Ann. § 50-6-102(12) (B)-(D).

Here, Dr. Singh found that Mr. Copeland's *lumbar spine* condition no longer related to work. He also placed Mr. Copeland at maximum medical improvement as of February 28, 2022. As the authorized treating physician, Dr. Singh's opinion is presumed correct. *Id.* at -102(12)(E).

---

[1] Genuine Parts cross-examined Mr. Copeland about medical reports completed by Dr. Zuckerman, but it did not introduce the forms into evidence.

Mr. Copeland offered treatment records from Drs. Zuckerman and Kuhn. They document that he suffers from neck and shoulder problems. Importantly, however, they do not relate his conditions and need for treatment as arising primarily out of and in the course and scope of his employment. Without this medical proof, the Court cannot find that Genuine Parts must provide medical benefits—either additional treatment for the neck or reimbursement for unauthorized treatment—for those body parts.

Mr. Copeland credibly testified that he reported the neck injury. He offered no documentary proof to support that testimony, however. Curiously, Dr. Steele's notes do not mention neck pain, and he made the orthopedic referral for the "lumbar spine" only. Afterward, Dr. Singh repeatedly documented neck pain as a complaint; yet his treatment focused almost entirely on the low back. The Court understands Mr. Copeland's dissatisfaction.

Regardless, without a medical opinion relating the need for treatment of his neck or shoulders to work, the Court cannot conclude that he is likely to prove at a hearing on the merits that Genuine Parts provide additional treatment for other body parts at this time. The Appeals Board has held that, where an employee did not request medical treatment for his alleged neck injuries until over one year after the work incident, and no medical proof causally related the neck condition to the work incident, medical benefits for that body part were not appropriate. *Morton v. Morsey Constructors d/b/a Harper Indus.,* 2021 TN Wrk. Comp. App. Bd. LEXIS 33, at *33-34 (Oct 4, 2021).

As for temporary disability, Mr. Copeland must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Mollica v. EHHI Holdings, Inc. d/b/a Advanced Home Care Management Inc., d/b/a Encompass Home Health,* 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *7 (Apr. 21, 2020). Temporary total disability benefits are terminated by the attainment of maximum recovery. *Id.*

In this case, the only proof for Mr. Copeland's work status for the accepted back injury is that on February 28, 2022, Dr. Singh, the authorized treating physician, placed him at maximum medical improvement and wrote that his limitations were not related to the work incident. Therefore, terminating payment at that time was appropriate. And, as previously stated, Mr. Copeland has not shown that his current neck or low-back injuries are work-related. Therefore, Mr. Copeland is not likely to prevail at a hearing on the merits that he is entitled to additional temporary disability benefits.[2]

---

[2] Genuine Parts requested reimbursement for temporary disability benefits it argues it overpaid. This hearing is interlocutory, however, so that requested relief is premature. In addition, the Court previously granted Genuine Parts' motion to deem admissions admitted. Among them, Mr. Copeland admitted he "has received all benefits [he is] entitled to under Tennessee Workers' Compensation Act as it relates to the [June 4], 2021 workplace injury." The admission is ambiguous, because no temporal limitation is given.

Nothing precludes Mr. Copeland from gathering additional evidence and renewing his requests at a later expedited hearing or the compensation hearing.

IT IS ORDERED AS FOLLOWS:

1) Mr. Copeland's request for additional medical and temporary disability benefits is denied at this time.

2) The Court sets a status hearing on **May 30, 2023, at 10:00 a.m. Central Time. You must dial 615-532-9552 or 866-943-0025 to participate.**

**ENTERED March 29, 2023.**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**Appendix**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Order Setting Status Hearing
4. Hearing Request
5. Motion to Deem Admissions as Admitted
6. Order Setting Expedited Hearing
7. Motion to Deem Admissions as Admitted
8. Employer's Prehearing Statement, Witness/Exhibit List, and Brief

Exhibits:
1. Mr. Copeland's affidavit
2. Composite medical records
3. Declaration of Kimberly Shackleford
4. Declaration of Carolyn Davies
5. Panel

---

It can be interpreted to mean either *at this time* he is not entitled to additional benefits, or he is *forever* foreclosed from additional benefits.

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on March 29, 2023.

| Name | Certified Mail | Regular Mail | Email | Sent to |
|---|---|---|---|---|
| Gayle Copeland, employee | X | X | X | CopelandGayle0@gmail.com<br>2415 Underwood St.<br>Nashville TN  37208 |
| Trent Norris, employer's attorney | | | X | tmnorris@mijs.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

LB-1099 rev. 01/20                          Page **1** of **2**                          RDA 11082

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*